# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**COMMUNICARE, LLC d/b/a**
**NORTHWESTERN HEALTHCARE**
**CENTER,**

        **Plaintiff,**

v.

**CYNTHIA C. DUNGEY, in her**
**official capacity as Director of Ohio**
**Department of Job and Family**
**Services, et al.,**

        **Defendants.**

**Case No. 2:17-cv-0152**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Set Aside the Clerk's Entry of Default (ECF No. 19) and Motion for Leave to File Defendants' Motion to Dismiss (ECF No. 20), as well as Plaintiff's Motion for Default Judgment (ECF No. 13). For the reasons that follow, the Court **GRANTS** Defendants' motions, **VACATES** the entry of default, and **DENIES** Plaintiff's motion for default judgment.

## I. BACKGROUND

On February 21, 2017, Plaintiff, Communicare LLC, d/b/a Northwestern Healthcare Center ("Northwestern") as authorized representative of Paul Prenata, filed this lawsuit against Defendants Cynthia C. Dungey, in her official capacity as the Director of the Ohio Department of Job and Family Services ("ODJFS"), and Barbara Sears, in her official capacity as the Director of the Ohio Department of Medicaid (collectively "Defendants"). The Complaint alleges that Defendants denied Medicaid benefits to Mr. Prenata, a resident of Northwestern's skilled nursing facility, in violation the Federal Medicaid Act at 42 U.S.C. § 1396a(a)(17)(b), the

ADA at 42 U.S.C, § 12131, *et seq.*, the Rehabilitation Act of 1973 at 29 U.S.C. § 794a, *et seq.*, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

On April 12, 2017, the summonses issued to Dungey and Sears were returned executed. (ECF Nos. 8, 9.) On May 22, 2017, Plaintiff moved for an entry of default against both defendants under Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 11.) On May 31, 2017, the Clerk of this Court issued an entry of default against both Defendants. (ECF No. 12.)

On June 1, 2017, Plaintiff filed its Motion for Default Judgment and Memorandum in Support. (ECF Nos. 13, 14.) On June 5, 2017, Counsel for Defendants entered an appearance and requested an extension of time to respond to Plaintiff's Motion. The Court granted Defendants' request and allowed Defendants until June 26, 2017 to respond to Plaintiff's motion.

On June 26, 2017, Defendants filed their Motion to Set Aside the Clerk's Entry of Default (ECF No. 19) and Motion for Leave to File Defendants' Motion to Dismiss (ECF No. 20). (ECF No. 20.) On July 17, 2017, Plaintiff filed a memorandum in opposition to Defendants' Motion to Set Aside (ECF No. 21), to which Defendants replied on July 31, 2017 (ECF No. 22.)

## II.

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for good cause. "In determining whether to grant a motion to set aside a default, Fed. R. Civ. P. 'Rule 55(c) leaves [the decision] to the discretion of the trial judge.'" *United States v. 1988 BMW*, 798 F. Supp. 2d 896, 899 (S.D. Ohio 2010) (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986)). "Denying such a motion should not be taken lightly, as the Sixth Circuit has a 'strong preference for trials on the merits.'" *Id.* (quoting *United States v. Real Prop., All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999)). "When a defendant seeks relief from a default that has been entered by the

clerk upon a plaintiff's request, the district court enjoys considerable latitude under the 'good cause shown' standard." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

In determining whether good cause exists, a court considers three factors: "'(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced.'" *Id.* (quoting *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318, 323 (6th Cir. 2010)).

### III.

Along with their Motion to Set Aside, Defendants submit the affidavit testimony of Allan K. Showalter, Senior Assistant Attorney General in the Ohio Attorney General's Office. (Affidavit of Allan K. Showalter ("Showalter Aff.") ¶¶ 2–3, ECF No. 19-1.) Mr. Showalter indicates that he received the complaint in this action on April 12, 2017 and assigned representation of the case to an attorney within the Ohio Attorney General's Office. Showalter next states that he was forwarded a copy of the Court's Entry of Default on June 2, 2017. The attorney who had previously been assigned the matter apparently had no recollection of receiving the case assignment. (*Id.* ¶ 4.) Consequently, Showalter reassigned the case to attorney Julie Brigner, Defendants' current counsel of record. (*Id.* ¶ 5.) Defendants assert that there is good cause to set aside the entry of default. This Court agrees.

a. *Prejudice to Plaintiff*

First, Plaintiff has not shown that it will be prejudiced by setting aside of the entry of default. Plaintiff simply states that it is prejudiced by the increase in attorney's fees caused by the delay. (Plaintiff's Memorandum in Opposition ("Pl. Mem.") at 9, ECF No. 21.) The delay caused by a defendant's failure to promptly answer is not sufficient to demonstrate that the

3

plaintiff would be prejudiced by reopening the case. *INVST Fin. Group v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). For prejudice to exist, "it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Id.* (citations omitted). Defendants filed a notice of appearance within four days of the Court's Entry of Default and filed their motion to set aside three weeks later. Defendants also note that Plaintiff filed its Complaint on behalf of Paul Prenata, who died on October 27, 2015. (Defendants' Motion to Set Aside ("Defs.' Mot. to Set Aside") at 6, ECF No. 19.) They assert that the delay in Defendants' responsive pleading will not result in the loss of evidence or make discovery more difficult. (*Id.*) Any additional cost in attorney's fees as a result of a few weeks delay will not cause significant prejudice. As Defendants point out, the relevant inquiry concerns any future prejudice that will result, not prejudice already suffered. *Dassault Systemes, S.A. v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011). As to future litigation costs, setting aside default will necessarily result in increased litigation cost because the plaintiff will actually have to litigate the case. *United States v. $2,050.00 U.S. Currency*, 595 F.3d 318, 325 (6th Cir. 2010). The Court therefore sees no potential here for any prejudice of the type required.

b. *Meritorious Defense*

Next, this Court considers whether Defendants have a meritorious defense. "In determining whether a defaulted defendant has a meritorious defense 'likelihood of success is not the measure' . . . . [r]ather, if *any* defense relied upon states a defense good at law, then a meritorious defense has been advanced." *INVST Fin. Group*, 815 F.2d at 398–99 (citations omitted). "[S]uch a defense is sufficient if it contains 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense. The key consideration is 'to determine whether

4

there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* (citing *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980); 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2697 at 531 (1983)). A general denial does not amount to a "hint of a suggestion" of a defense. *Smith v. Comm'r*, 926 F.2d 1470, 1480 (6th Cir. 1991). However, for the purpose of this inquiry, "we must resolve all ambiguous or disputed facts in the light most favorable to the defendant." *Berthelsen*, 907 F.2d at 621 (citing *INVST Fin. Group*, 815 F.2d at 398).

Defendants submit several potential defenses, which if proved, would be meritorious. First, they argue that Plaintiff fails to state a claim against Director Dungey in her official capacity as Director of ODJFS because its claim concerns Mr. Prenata's Medicaid application, over which the Ohio Department of Medicaid is the sole administrator, not ODJFS. (Defs.' Mot. to Set Aside at 7.) Plaintiffs do not specifically respond to this defense in their memorandum in opposition.

Next, Defendants challenge Northwestern's standing, arguing that Mr. Prenata lacked the capacity to authorize Northwestern as his representative. As alleged in the Complaint, "[a]t all relevant times hereto, Preneta suffered from dementia, [and] was incapable of managing his own affairs . . . ." (Defs.' Mot. to Set Aside at 8 (quoting Compl. ¶ 16).) .) Plaintiff assert that Mr. Prenata authorized Northwestern as his representative because even an incapacitated individual may have a moment of lucidity in which he is able to designate an individual to act on his behalf. (Pl. Mem. at 4.) Defendants further argue that even if Northwestern was the lawful Authorized Representative of Mr. Prenata, it still does not have the authority to originate actions on behalf of Medicaid applicants they represent. Plaintiff relies on *Tiggs v. Ohio Dep't of Job and Family Svcs.*, cv-17-874398 (Ohio Ct. Com. Pl. July 12, 2017) and *Doctors Nursing & Rehab. Ctr., LLC*

5

*v. Norwood*, No. 1:16-cv-9837, 2017 WL 2461544, at *3–4 (N.D. Ill. June 7, 2017) for the proposition that an authorized representative may initiate a lawsuit on a patient's behalf to secure Medicaid benefits. In *Norwood*, the Court ultimately concluded that an authorized representative was permitted to bring claims to ensure that beneficiaries can secure Medicaid benefits to which they are entitled. *Norwood*, 2017 WL 2461544, at *4. However, it recognized that "[t]he regulatory text does not explicitly address whether a patient can authorize a Medicaid representative file a lawsuit on his or her behalf." *Id.* (citing 42 C.F.R. § 435.923(b)(4)).

In construing all ambiguous or disputed facts in the light most favorable to Defendants, the Court finds that questions exist regarding whether Mr. Prenata did in fact authorize Northwestern as his representative and also whether Plaintiff has standing to initiate a lawsuit on Mr. Prenata's behalf, such that "there is some possibility" that further proceedings would reach a result contrary to that achieved by a default.

Defendants assert several other possible defenses. They argue that Plaintiff's request for a declaratory judgment is too vague for the Court to evaluate in that it asks the Court to declare Defendants' conduct of failing to arrange nursing facility services for Mr. Prenata to be "unlawful." Defendants next argue that Plaintiff fails to state a claim for the alleged statutory violations because Defendants are not required to provide nursing facility services under 42 U.S.C. §§ 1396a(a)(10)(A) and 1396d(a)(4)(A); also, Plaintiff fail to allege sufficient facts showing that Defendants did not provide Mr. Prenata services with "reasonable promptness" as required by 42 U.S.C. § 1396a(a)(8). (*Id.* at 8–9.) Next, they assert that Plaintiff's ADA claim must be dismissed because Defendants did not act "solely" by reason of Mr. Prenata's disability as required under 29 U.S.C. § 794. Finally, Defendants challenge Plaintiff's allegations of equal protection violations under the U.S. Constitution. (*Id.* at 9.) Having already found that

6

Defendants met their burden of presenting possible meritorious defenses, it is unnecessary to assess these other defenses.

   c. *Culpable Conduct*

Finally, the Court determines that Defendants' conduct was not culpable. To "'be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *INVST Fin. Group*, 815 F.2d at 399 (citation omitted). "'[W]here the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings.'" *Id.* (quoting *Shepard Claims Serv.*, 796 F.2d at 195). The delay caused by a defendant's failure to promptly answer will not alone demonstrate that the plaintiff has been prejudiced by setting aside the default. *Id.*

There is no evidence before the Court indicating this type of disregard. Any fault in the failure to answer is attributed to the inadvertence of Defendants' previous attorney and not to the Defendants themselves. *See Medina v. Columbus State Cmty. Coll.*, No. 2:08-CV-154, 2008 WL 4906135, at *1 (S.D. Ohio Nov. 13, 2008) (citing *Buck v. U.S. Dept. of Agric.*, 960 F.2d 603, 608 (6th Cir.1992); *INVST Fin. Group*, 815 F.2d at 400). Even so, the inadvertence by the attorney does not reveal an intent to thwart the proceedings, but merely that a mistake was made. Here, as stated, Defendants moved promptly to set aside the default before a judgment was entered, has met the first two requirements for relief, and offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings before this Court. The Court concludes that defendant has satisfied Rule 55(c)'s requirement of "good cause" to set aside an entry of default. Accordingly, the Court declines to take the drastic step of judgment by default, and instead will

7

hear this case on the merits.

IV.

Based on the foregoing, the Defendants' Motion to Set Aside the Clerk's Entry of Default (ECF No. 19) and for Leave to File Defendants' Motion to Dismiss (ECF No. 20) are hereby **GRANTED**. The Clerk is **DIRECTED** to **VACATE** the Entry of Default entered on May 31, 2017. (ECF No. 12.) Because the Court has set aside the entry of default against Defendants, Plaintiff's Motion for Default Judgment (ECF No. 13) has been rendered moot and is therefore **DENIED**.

**IT IS SO ORDERED.**

9-18-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT COURT**